IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAN OUCH,  CASE NO. 2:09-cv-00173
 JUDGE SMITH
      Petitioner, MAGISTRATE JUDGE KEMP

v.

WARDEN, LONDON CORRECTIONAL
INSTITUTION,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Petitioner's motion for leave to proceed *in forma pauperis* (#1) is granted. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> By indictment filed March 29, 2002, defendant was charged with two counts of felonious assault in violation of R.C. 2903.11; each carried two firearm specifications. On October 24, 2002, defendant entered a guilty plea to both charges, without the firearm specifications, and stipulated he acted as a complicitor in the offenses. The trial court accepted defendant's guilty plea and sentenced defendant accordingly, journalizing the conviction in a judgment entry filed on November 8, 2002.
>
> On August 15, 2005, defendant pro se filed a Crim.R. 32.1 motion to withdraw his guilty plea. Defendant initially

asserted the trial court failed to comply with R.C. 2943.031, which requires a trial court to advise a non-citizen criminal defendant who enters a plea of guilty to a felony charge that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." Defendant further asserted his trial counsel was ineffective in failing to advise him of the consequences his guilty plea would have on his immigration status. Relying on R.C. 2943.031(D), defendant contended the trial court, on defendant's motion, was obligated to set aside its judgment and permit defendant, a non-citizen, to withdraw his guilty plea because his conviction resulted in efforts to deport him, exclude him from admission to the United States, or deny him naturalization. Although defendant requested an evidentiary hearing, the trial court, without holding a hearing, issued a decision and entry on May 1, 2006, denying defendant's motion.

Defendant appealed. In resolving defendant's appeal, we noted the Ohio Supreme Court in *State v. Francis,* 104 Ohio St.3d 490, 820 N.E.2d 355, 2004-Ohio-6894, concluded that substantial compliance with R .C. 2943.031 was sufficient. We further determined the statutorily mandated information could be conveyed through counsel. According to the record of defendant's plea proceedings, the trial court did not directly inquire of defendant but instead asked counsel whether he advised defendant of the consequences of defendant's guilty plea per R.C. 2943.031. Because the record did not disclose the nature of counsel's discussions with defendant concerning the requirements of R.C. 2943.031, we remanded the case to the trial court for an evidentiary hearing to determine whether counsel's discussions with defendant brought the trial court's proceedings into substantial compliance with R.C. 2943.031. *State v. Ouch,* Franklin App. No. 06AP-488, 2006-Ohio-6949.

On remand, the trial court held a hearing on October 18, 2007. Defendant testified that, at the start of his trial, his counsel discussed with him a possible plea bargain, but did not mention the immigration consequences of a guilty plea. Defendant additionally testified, as the transcript of the plea proceedings reflected, that the trial court did not inquire of

defendant pursuant to R.C. 2943.031 when it accepted his plea.

In contrast, defendant's former trial counsel testified that while he did not specifically remember talking with defendant about how a guilty plea might alter defendant's immigration status, he believed he informed defendant of "all the ramifications" of a guilty plea, including the possibility of deportation, exclusion from admission, and denial of naturalization. (Oct. 18, 2007 Tr. 46.) Counsel came to that conclusion because his normal practice in dealing with the issue was to so advise. To further support his testimony, counsel noted his comment to the trial court during the October 24, 2002 plea hearing when the trial court asked counsel if defendant understood that a guilty plea "may jeopardize his status in this country." (Oct. 24, 2002 Tr. 12.) Counsel's response that he informed defendant of "all of those ramifications" caused counsel, at the time of the remand hearing, to believe he warned defendant about possible deportation, exclusion from admission to the United States, and naturalization issues before defendant agreed to the plea bargain. *Id.*

In resolving the disparate testimony given at the remand hearing, the trial court found defendant's testimony not credible because it was not consistent. In describing defendant's discussions with his counsel at the time of the plea proceedings, defendant initially denied learning anything from counsel about the impact of a guilty plea on his immigration status. He then testified he did not remember if counsel discussed immigration consequences with him. He finally admitted counsel told him deportation was possible. When asked if deportation meant "you go back to Cambodia and not [sic] allowed back in," defendant answered affirmatively. (Oct. 18, 2007 Tr. 36.)

Based on the testimony presented at the October 18, 2007 hearing, the trial court found substantial compliance with R.C. 2943.031, as the record was now "clear" that in telling defendant about the ramifications of a guilty plea, counsel informed defendant of the possibilities of exclusion from the United States, denial of naturalization, and deportation, and defendant understood these possibilities. Coupling counsel's

> testimony with defendant's three-year delay in filing his motion, the trial court concluded defendant's motion to withdraw his guilty plea lacked merit, and the court denied it. In his single assignment of error, defendant contends the trial court wrongly concluded defendant was properly made aware of the possible ramifications of his guilty plea on his immigration status.

*State v. Ouch*, 2008 WL 4368530 (Ohio App. 10th Dist. September 25, 2008). On September 25, 2008, the appellate court affirmed the trial court's denial of petitioner's motion to withdraw his guilty plea. *Id.* On February 18, 2009, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Ouch*, 120 Ohio St.3d 1526 (2008).[1]

On March 9, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> Chan Ouch's guilty pleas were entered unknowingly, unintelligently, and involuntarily, in violation of the Fourteenth Amendment to the United States Constitution, when the judge in the state court plea hearing failed to inform Mr. Ouch of the consequence of his guilty pleas to felony charge pursuant to Criminal Rule 11(C)(2)(a), (b) and Ohio Revised Code Section 2943.031(A) that could result in possible deportation, exclusion from admission to the United States, denial of naturalization in United States, before the court accepted Mr. Ouch's guilty pleas to the indicted charges.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which

---

[1] On April 9, 2008, petitioner filed his first federal habeas corpus petition. The Court dismissed that action on May 6, 2008, as unexhausted. *See Ouch v. Warden, London Correctional Institution,* Case No. 08-cv-306 (S.D. Ohio Eastern Division).

became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Petitioner's conviction became final on December 8, 2002, when the time period expired to file a timely appeal to the state appellate court. *Searcy v. Carter,* 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6 Cir.2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on December 8, 2003. Petitioner did not

5

execute the instant habeas corpus petition until March 16, 2009, more than six years later. He waited until August 15, 2005, long after the statute of limitations had already expired, to file a motion to withdraw his guilty plea in the state courts. That motion therefore did not toll or otherwise affect the running of the statute of limitations in this case. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6 Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same); *see also Goodballet v. Mack*, 266 F.Supp.2d 702, 705-06 (N.D. Ohio 2003)(rejecting petitioner's argument that a motion to withdraw guilty plea under Ohio Criminal Rule 32.1 resets the limitations period for the filing of federal habeas corpus petitions); *Monroe v. Jackson*, 2009 WL 73905 (S.D. Ohio January 8, 2009)(same); *Coffey v. Warden, Warren Correctional Institution*, 2007 WL 951619 (S.D. Ohio March 28, 2007)(same).

The Court notes that the United States Supreme Court has recently held that

> where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jiminez v. Quarterman*, – U.S. –, 129 S.Ct. 681, 686-87 (2009). However, the Supreme Court described its decision in *Jiminez v. Quarterman, supra*, as "a narrow one," *id.*, and it does not

appear applicable to motions to withdraw a guilty plea, such as occurred in this case. Petitioner's prior federal habeas corpus petition similarly did not toll the running of the statute of limitations. *Duncan v. Walker*, 533 U.S. 167 (2001). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See King v. Bell*, 378 F.3d 550, 553 (6 Cir.2004) (citations omitted).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*,
7

474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                      /s/ Terence P. Kemp
                                                      United States Magistrate Judge